# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **FRANCINE SIMON** | **CASE NO. 6:24-CV-01591** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BROOKSHIRE GROCERY CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Leave to File Exhibit Under Seal (Rec. Doc. 32), filed in conjunction with their Motion for Summary Judgment (Rec. Doc. 29). The motion was referred to the undersigned for a determination of whether the exhibit should be filed under seal, after consideration of the public's right of access and the parties' interests in confidentiality.

Prior to removal, the 15th Judicial District Court signed the parties' Stipulated Confidentiality Agreement and Protective Order governing documents which the parties identify as "Confidential." (Rec. Doc. 1-1, pp. 14-17). The protective order specifically applies to "documents, information, and materials" produced by Defendant in response to discovery requests and requires that those items be deemed confidential with access only available to the parties, their counsel, and those persons assisting them in the case. (*Id*.).

The Fifth Circuit requires a strict balancing of the public's and litigants' interests before allowing documents to be sealed:

> Sealing judicial records and blocking public access require a "stricter balancing test." To decide whether something should be sealed, the court must undertake a "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" "Under both standards, the working presumption is that judicial records should not be sealed." "[C]ourts should be ungenerous with their discretion to seal judicial records ...." And, to the extent that any sealing is necessary, it must be "congruent to the need."

*June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022)(internal citations omitted)

Further,

> At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information. But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous. This conflation error—equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal—is a common one and one that over-privileges secrecy and devalues transparency.

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)(emphasis in original)(internal footnote omitted).

Defendant moves to seal the store surveillance video from the alleged slip and fall incident attached as Exhibit 2-A to their Motion for Summary Judgment. Defendant contends that this video surveillance contains confidential information

concerning Defendant, namely camera placement that should not be subject to public disclosure because "[p]ublic disclosure of this information could harm [Defendant] in terms of issues with both criminal activity in stores but also with regard to incidents and accidents at its store." (Rec. Doc. 32-2, p. 1). To that end, Defendant produced the video surveillance to Plaintiff subject to the Stipulated Confidentiality Agreement and Protective Order. (*Id.*).

Despite this rationale, Defendant attached ten still pictures from the surveillance video as an exhibit to their Motion for Summary Judgment. (Rec. Doc. 29-5). As these pictures are screenshots from the surveillance video of the incident (*see* Rec. Docs. 29, pg. 1 & 29-5), they disseminate the very information Defendant is seeking to protect, i.e. camera placement. Defendant articulates no other bases to seal this information. Accordingly, because Defendant has failed to articulate specific, compelling reasons sufficient to overcome the strong presumption of public access to judicial records,

IT IS ORDERED that Defendant's Motion for Leave to File Exhibit Under Seal (Rec. Doc. 32) is DENIED.

Signed at Lafayette, Louisiana on this 2nd day of February, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE