**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **FRANCINE SIMON** | **CASE NO. 6:24-CV-01591** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BROOKSHIRE GROCERY COMPANY, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

# RULING

Before the Court is a Motion for Summary Judgment [ECF No. 29] filed by Defendant Brookshire Grocery Company ("Brookshire"). For the reasons that follow, the motion is DENIED.

## I. Background

Plaintiff Francine Simon ("Simon") alleges that on May 13, 2023, she slipped and fell at a Brookshire store located in Abbeville, Louisiana.[1] On this day, there were Mother's Day floral displays placed near the front wall of the store.[2] Prior to Simon entering the store, Brookshire employees noticed that there was water on the floor between two tables holding the floral displays.[3] The floral manager, Diana Fish ("Ms. Fish"), moved a caution sign into the area of the spill and stood behind the two tables to direct traffic around the spill.[4] The store director was informed of the spill and the grocery clerk was informed that the area needed to be cleaned.[5]

---

[1] ECF No. 1-1 at 19.
[2] ECF No. 37-5 at 14-16.
[3] *Id.* at 12-13.
[4] ECF No. 32-3; ECF No. 29-5; ECF No. 37-5 at 12-13; ECF No. 29-2.
[5] ECF No. 29-2.

Simon entered the store to purchase mushrooms.[6] She immediately began walking toward the produce section, which was located on the other side of the spill.[7] As Simon approached the area of the spill, Ms. Fish was facing the opposite direction and had her back turned to Simon.[8] Simon attempted to step around Ms. Fish and walk between the two tables when she slipped and fell.[9]

## II.
## THE SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[10] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[12] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[13]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe,

---

[6] ECF No. 37-4 at 9.
[7] ECF No. 37-2; ECF No. 37-4 at 9.
[8] ECF No. 37-2; ECF No. 37-5 at 31; ECF No. 37-4 at 9.
[9] ECF No. 37-2.
[10] FED. R. CIV. P. 56(a).
[11] *Id.*
[12] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[13] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[14] "Credibility determinations are not part of the summary judgment analysis."[15] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[16]

## III.
## ANALYSIS

Because this is a diversity action, state law controls.[17] The Louisiana Merchant Liability Act imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[18] A person injured on the merchant's premises must prove: (1) the condition presented an unreasonable risk of harm and was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition prior to the accident; and (3) the merchant failed to exercise reasonable care.[19]

In this case, the first element is met because the water on the floor between the two floral display tables created an unreasonable risk of harm.[20] The second element is also met because Brookshire admits that it had knowledge of the water spill.[21] Thus, the only question before the

---

[14] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (the court must view all facts and evidence in the light most favorable to the non-moving party).
[15] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[16] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[17] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[18] La. Rev. Stat. 9:2800.6.
[19] La. Rev. Stat. 9:2800.6.
[20] *See Ratcliff v. Winn-Dixie Stores, Inc.*, No. CV 17-4776, 2018 WL 1532980, at *4 (E.D. La. Mar. 29, 2018) (citing *Burnett v. M & E Food Mart, Inc.* No. 2, 2000-350, p. 3 (La. App. 3 Cir. 11/15/00), 772 So. 2d 393, 396) ("In a slip and fall case, a hazard is established when the fall results from a foreign substance on a floor or an unreasonably slippery condition.").
[21] ECF No. 29 at 4.

Court is whether Brookshire failed to exercise reasonable care under the circumstances. Brookshire argues that Simon is unable to establish that the third element is met because Brookshire employees placed a caution sign near the spill and positioned Ms. Fish in the area to warn patrons of the spill. Simon argues, however, that the caution sign was not sufficiently visible to approaching patrons and that Ms. Fish failed to adequately warn Simon of the spill.

"[T]he reasonableness of a merchant's signage depends on a number of factors including 'the merchant's type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, the time of day, the section of the business, and other considerations.'"[22] Louisiana courts also require that a warning sign be visible to approaching patrons.[23] For example, in *Myles*, a store patron slipped on a wet floor near a support pole located between two checkout registers.[24] Store employees placed a wet floor sign on the outside edge of the wet area, which was about one foot from the pole and adjacent display racks.[25] The appellate court affirmed the jury's finding that the store failed to exercise reasonable care because the pole and display racks obscured the plaintiff's view of the sign and did not adequately warn customers of the hazardous condition.[26] Similarly, in *Green*, a store employee observed a spill on the floor of a main aisle and set out two warning cones.[27] The only cone placed near the spill, however, was

---

[22] *Capriotti v. Brookshire Grocery Co.*, No. 18-CV-00304, 2019 WL 2611037, at *5 (W.D. La. June 25, 2019) (citing *Bertaut v. Corral Gulfsouth, Inc.*, 2016-0093, p. 5 (La. App. 5 Cir. 12/21/16); 209 So. 3d 352, 357).

[23] *See Myles v. Brookshires Grocery Co.*, 29,100 (La. App. 2 Cir. 1/22/97), 687 So. 2d 668, 670; *Green v. Brookshire Grocery Co.*, 53,066 (La. App. 2 Cir. 9/25/19), 280 So. 3d 1256, 1261-62; *Carter v. Brookshire Grocery Co.*, 29,166 (La. App. 2 Cir. 2/26/97), 690 So. 2d 933, 937, writ denied, 97-0782 (La. 5/1/97), 693 So. 2d 734; *Francois v. RaceTrac Inc.*, No. CV 24-781-SDD-EWD, 2025 WL 2664076, at *12 (M.D. La. Sept. 17, 2025).

[24] *Myles*, 687 So. 2d at 670.

[25] *Id.*

[26] *Id.* at 671, 673.

[27] *Green*, 280 So. 3d at 1261.

close to two pallets.[28] The appellate court found that, based on the surveillance video, the visibility of the single cone near the spill could have been obstructed by the pallets.[29] Accordingly, it reversed the trial court's grant of summary judgment because there was a genuine issue of material fact as to whether the cones were sufficient to properly warn store patrons of the spill.[30]

Here, the Court has the benefit of two surveillance videos that capture the incident in this case[31] and will consider "the facts in the light depicted by the videotape[s]."[32] Both surveillance videos submitted by the parties show that a caution sign was placed near the two tables in the location of the spill to warn store patrons of the condition of the floor. From the angles of both videos, however, only part of the caution sign is visible during the time leading up to Simon's fall—at least half of the sign is hidden behind one of the tables. It is also unclear whether Simon's view of the sign from the direction she approached was obstructed by Ms. Fish, who was facing away from Simon. Simon walked directly from the entrance of the store toward the produce section. Ms. Fish stood in the most direct path to reach the produce section and was positioned between the caution sign and the path Simon had to walk to reach the sign. Based on the surveillance footage, a reasonable jury could conclude that the caution sign was not sufficiently visible to store patrons approaching the spill area from the entrance of the store.

Further, if Ms. Fish was blocking Simon's view of the caution sign, Simon would not have been able to see the sign until she stepped around Ms. Fish and reached the spill area. Additionally, because Ms. Fish was turned away from Simon as she approached, a reasonable jury could find

---

28 *Id.*
29 *Id.*
30 *Id.* at 1261-62.
31 ECF No. 32-3, ECF No. 37-2.
32 *Scott v. Harris*, 550 U.S. 372, 381 (2007); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").

that Ms. Fish failed to properly warn Simon of the spill.[33] Based on this evidence, there is a genuine issue of material fact as to whether Brookshire exercised reasonable care.

Brookshire argues that Simon's failure to see the sign does not preclude summary judgment because Louisiana courts have granted summary judgment in cases where a plaintiff claims not to have seen a wet floor sign. The cases cited by Brookshire, however, are distinguishable. In many of the cited cases, surveillance videos showed that at least one warning sign was clearly visible to approaching patrons.[34] For example, in *Melancon*, the plaintiff testified that there were no wet floor signs present when she fell.[35] After reviewing the surveillance video, however, the appellate court found that there were two bright "wet floor" signs that were "readily visible to anyone entering the store" and that the plaintiff walked directly past one of the signs.[36] Other cases cited by Brookshire are distinguishable for similar reasons. In *Lee*, the plaintiff claimed not to have seen a warning cone, but the appellate court found that the placement and design of the warning cone at issue was irrelevant because the plaintiff noticed that the floor was slippery and wet before she began walking through the wet area.[37] Additionally, in both *Rowell* and *Schroeder*, the respective plaintiffs admitted to seeing warning signs in close proximity to where they fell.[38]

---

[33] *See Green*, 280 So. 3d at 1261 (noting that, even though there was evidence that an employee was placed near the spill to warn approaching patrons, it was "arguable that the store employee failed to properly warn [the plaintiff] of the wet floor").

[34] *See, e.g.*, *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109 (La. App. 3 Cir. 3/16/11), 59 So. 3d 513, 515; *Foreman v. Circle K Stores, Inc.*, 766 F. App'x 165, 168 (5th Cir. 2019) (affirming summary judgment because the plaintiff had multiple opportunities to observe at least three warning signs and an employee actively mopping as she walked past them before her fall); *Migliore v. Ambassador P'ship, LLC*, 22-599 (La. App. 5 Cir. 12/1/23), 376 So. 3d 1178, 1183 (affirming summary judgment when surveillance videos showed seven yellow "wet floor" warning cones placed around a restaurant's entrance and dining area that had been mopped, including five that the plaintiff passed on the way to his table).

[35] *Melancon*, 59 So. 3d at 515.

[36] *Id.*

[37] *Lee v. Ryan's Fam. Steak Houses, Inc.*, 2006-1400 (La. App. 1 Cir. 5/4/07), 960 So. 2d 1042, 1047, writ denied sub nom. *Lee v. Ryan's Fam. Steak House, Inc.*, 2007-1577 (La. 10/12/07), 965 So. 2d 405.

[38] *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So. 2d 476, 479; *Schroeder v. Hanover Ins. Co.*, 2018-294 (La. App. 3 Cir. 9/19/18), 255 So. 3d 1123, 1127.

In the cases cited by Brookshire, either a warning sign or the hazard itself was clearly visible to the store patron before they fell. Here, however, Simon testified that she did not see the caution sign and the surveillance videos do not clearly show whether Simon's view of the sign was obstructed by Ms. Fish. Thus, there is a fact issue as to whether Simon failed to see the sign due to her own inattentiveness or because her view of the sign was obstructed. While Brookshire is correct that wet floor signs are not required to be placed immediately on top of or next to a spill, courts do require that warning signs be visible.[39] The Court therefore finds that there is a genuine issue of material fact as to whether Brookshire exercised reasonable care.

## IV.
## CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that the Motion for Summary Judgment [ECF No. 29] is DENIED.

THUS DONE in Chambers on this 25th day of August, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[39] *See Francois v. RaceTrac Inc.*, No. CV 24-781-SDD-EWD, 2025 WL 2664076, at *12 (M.D. La. Sept. 17, 2025).